UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT E. LAUBACKER,

                      Plaintiff,

    -vs-                        **No. 1:15-CV-01055 (MAT)**
                                        **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                      Defendant.

---

## I. Introduction

Represented by counsel, Robert E. Laubacker ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benfits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II. Procedural History

The record reveals that in November 2014, plaintiff (d/o/b January 6, 1981) applied for DIB, alleging disability as of October 13, 2013. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge William Weir ("the ALJ") on August 14, 2015. The ALJ issued an unfavorable decision on October 6, 2015. The Appeals Council denied review of the ALJ's decision and this timely action followed.

**III. The ALJ's Decision**

Initially, the ALJ found that plaintiff met the insured status requirements of the Act through December 31, 2018. At step one of the five-step sequential evaluation process, see 20 C.F.R. §§ 404.1520, the ALJ determined that plaintiff had not engaged in substantial gainful activity since October 13, 2013, the alleged onset date. At step two, the ALJ found that plaintiff suffered from the following severe impairments: degenerative disc disease, obesity, and post-traumatic stress disorder ("PTSD"). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(b) except that he could not perform work above specific vocational preparation ("SVP") level 2 (unskilled). At step four, the ALJ found that plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff contends that the ALJ's decision is unsupported by substantial evidence. Specifically, plaintiff argues that the ALJ failed to properly weigh the opinion of his treating social worker, Lauren Conley. Ms. Conley completed a psychiatric disorder assessment on March 6, 2015, at which point she had been treating plaintiff for approximately one year. Ms. Conley opined that plaintiff had moderate restrictions in activities of daily living ("ADLs") and in concentration, persistence, or pace; and marked difficulties in maintaining social functioning. Ms. Conley also opined that plaintiff "continually" experienced episodes of deterioration or decompensation which caused him to withdraw from social situations or exacerbated his psychological symptoms. Ms. Conley further opined that plaintiff had various marked limitations social functioning, including communicating clearly and effectively and getting along with others.

The ALJ gave little weight to Ms. Conley's opinion, finding that plaintiff's record of school accommodations was inconsistent with global marked dysfunction; plaintiff's ADLs, which included ballroom dancing classes, having coffee with a neighbor, and a significant course load at a local community college, were inconsistent with marked difficulty in social functioning; plaintiff's presentations at office visits were "not perfect" but were inconsistent with marked limitations; Ms. Conley was not an acceptable medical source under the regulations, but the ALJ considered her opinion as evidence of severity and effect on function in accordance with SSR 06-3p; plaintiff drew unemployment benefits for a time, which the ALJ did not consider dispositive but as evidence that plaintiff was ready and able to work .

The ALJ also gave great weight to the consulting psychiatric examination of Dr. Gregory Fabiano, who opined that plaintiff could follow and understand simple instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks independently, and make appropriate decisions. Dr. Fabiano opined that plaintiff had only mild limitations in his ability to relate adequately with others and appropriately deal with stress, and stated that plaintiff's psychiatric problems alone did not appear significant enough to interfere with plaintiff's daily functioning.

The ALJ gave proper reasons for rejecting Ms. Conley's opinion. Ms. Conley's summary notes of mental status examinations

("MSEs") were largely unremarkable, although she did in earlier notes record that plaintiff presented with tangential thought processes, labile mood, and rapid and pressured speech. Overall, however, and as plaintiff's treatment proceeded, plaintiff appeared oriented to person, place, and time; his moods were stable; speech was of normal rate and volume; thought processes were logical and goal-directed; and his insight and judgment continued to develop. Plaintiff's psychological symptoms never led to inpatient treatment; in April 2014 plaintiff was seen at the VAMC emergency department with complaints of psychological symptoms including stress and insomnia, but over the course of his interview he became less anxious, thought processes were goal-directed, no perceptual disturbances were reported or observed, insight and judgment was fair, and plaintiff was eventually assessed as having no psychiatric issue warranting admission. Thus, the ALJ's conclusion that plaintiff's "presentation at office visits" failed to indicate the restrictive limitations found by Ms. Conley is consistent with the record.

Additionally, the ALJ properly found that Ms. Conley's opinion did not come from a medical source, but still considered her opinion as to evidence of severity and effect on function. See 20 C.F.R. § 404.1513. The ALJ also properly considered evidence of plaintiff's ADLs and his conclusion that they were inconsistent with marked limitations is supported by the record. Finally, the ALJ was within his discretion to consider plaintiff's collection of

5

unemployment benefits and the ALJ was not obligated to accept the VA's assessment of plaintiff's level of disability. See, e.g., Riley-Tull v. Colvin, 2014 WL 2117480, *7 (W.D.N.Y. May 21, 2014) ("[A]n ALJ may consider evidence that a claimant received unemployment benefits and/or certified that he or she was ready, willing, and able to work during the time period for which he claims disability benefits as one factor relevant to assessing credibility."); Claymore v. Astrue, 519 F. App'x 36, 38 (2d Cir. 2013) ("A determination made by another agency regarding a claimant's disability is not binding on the Social Security Administration, 20 C.F.R. § 404.1504, however, 'it is entitled to some weight and should be considered.'").

**V. Conclusion**

For the foregoing reasons, the Court finds that the Commissioner's determination that plaintiff was not disabled under the SSA was supported by substantial evidence in the record. Plaintiff's motion for judgment on the pleadings (Doc. 10) is therefore denied and the Commissioner's motion (Doc. 12) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   April 12, 2017
         Rochester, New York